UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JANET MASON,

Plaintiff,

vs. CASE NO.:

PATHFINDERS FOR INDEPENDENCE, INC., a Florida For Profit Corporation, and BERYL BROWN, Individually,

Defendants. /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JANET MASON, by and through the undersigned attorney, sues the Defendants, PATHFINDERS FOR INDEPENDENCE, INC., a Florida Corporation, and BERYL BROWN, Individually, and alleges:

1. Plaintiff, JANET MASON, was an employee of Defendants and brings this action for unpaid overtime compensation, liquidated damages, and all other applicable relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

### General Allegations

2. Plaintiff, JANET MASON was an employee who worked for Defendants' within the last three years in Hillsborough County, Florida.

3. Plaintiff, JANET MASON, worked for Defendants at an hourly rate of $20.00 per hour.

4. Plaintiff, JANET MASON, worked as a Support Living Coach and Live-

in Companion for Defendants' customer(s).

5. Plaintiff, JANET MASON, worked for Defendants from approximately March 2015 through November 2018.

6. Defendants classified Plaintiff, JANET MASON, as an independent contractor during her employment with Defendants.

7. Plaintiff, JANET MASON, was unlawfully misclassified as an independent contractor during her employment with Defendants.

8. At all times material to this cause of action, Plaintiff, JANET MASON, was a non-exempt employee and therefore entitled to overtime wages for any and all overtime hours worked.

9. Defendant, PATHFINDERS FOR INDEPENDENCE, INC., is a Florida for profit Corporation that operates and conducts business in Hillsborough County, Florida and is therefore, within the jurisdiction of this Court.

10. Defendant, PATHFINDERS FOR INDEPENDENCE, INC., operates as a homemaker/home health care and companion service company. Defendant employs individuals to do household chores and provide companionship to the elderly and adults with disabilities.

11. According to Florida's Division of Corporations, Defendant, PATHFINDERS FOR INDEPENDENCE, INC., lists its principle place of business as being 18418 Timberlan Drive, Lutz, Florida 33549.

12. At all times relevant to this action, BERYL BROWN was an individual resident of the State of Florida, who owned and operated PATHFINDERS FOR

INDEPENDENCE, INC., and who regularly exercised the authority to: (a) hire and fire employees of PATHFINDERS FOR INDEPENDENCE, INC.; (b) determine the work schedules for the employees of PATHFINDERS FOR INDEPENDENCE, INC., and (c) control the finances and operations of PATHFINDERS FOR INDEPENDENCE, INC. By virtue of having regularly exercised that authority on behalf of PATHFINDERS FOR INDEPENDENCE, INC., BERYL BROWN is/was an employer as defined by 29 U.S.C. § 201, et seq.

13. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

14. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

15. During Plaintiff's employment with Defendants, Defendant, PATHFINDERS FOR INDEPENDENCE, INC., earned more than $500,000.00 per year in gross sales.

16. Defendant, PATHFINDERS FOR INDEPENDENCE, INC., employed approximately twenty-five (25) employees and paid these employees plus earned a profit from their business.

17. During Plaintiff's employment, Defendant, PATHFINDERS FOR INDEPENDENCE, INC., employed at least two employees who handled goods, materials and supplies which travelled in interstate commerce such as office supplies, fax machines, computers, and other tools/materials used to run the business.

18. Therefore, at all material times relevant to this action, Defendant,

PATHFINDERS FOR INDEPENDENCE, INC., was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

19. Additionally, Plaintiff, JANET MASON, is individually covered under the FLSA as she specifically assisted clients/customers with shopping at national retailer and food establishments such as Wal-Mart and Publix.

FLSA Violations

20. At all times relevant to this action, Defendants failed to comply with the FLSA because Plaintiff performed services for Defendants for which no provisions were made by Defendant to properly pay Plaintiff for all overtime hours worked.

21. During her employment with Defendants, Plaintiff was misclassified as an independent contractor.

22. During her employment with Defendants, Plaintiff routinely worked in excess of forty (40) hours due to providing 24 hour care for Defendants' clients seven (7) days a week.

23. As such, Defendants failed to compensate Plaintiff time and one-half her regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

24. Specifically, Plaintiff was compensated at her regular hourly rate of $20.00/hour for all hours worked including those in excess of forty (40) for the workweek.

25. Plaintiff is entitled to the half-time premium ($10.00/Overtime hour) for all hours worked in excess of forty (40) per week.

26. Based upon these above policies, Defendants have violated the FLSA by failing to pay complete overtime pay.

27. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

COUNT I - RECOVERY OF OVERTIME COMPENSATION

28. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-27 above as though stated fully herein.

29. Plaintiff is/was entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week.

30. During her employment with Defendants, Plaintiff worked overtime hours but was not paid time and one-half compensation for same.

31. Plaintiff was paid her regular rate ($20.00/Hour) for all hours works regardless of how many overtime hours were worked in the workweek.

32. Defendants have failed to provide accurate overtime compensation for numerous pay periods.

33. Defendants did not have a good faith basis for their decision not to pay Plaintiff full overtime compensation.

34. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff time and one-half herregular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

35. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

36. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, JANET MASON demands judgment against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 5 day of February, 2019

Matthew R. Gunter, Esq.
FBN 0077459
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 867-4791
Email: mgunter@forthepeople.com
Attorneys for Plaintiff